## T. Andrews *v.* A. A. H. Knox.

Where the petition sufficiently indicates the action to be one of boundary, the prayer that the plaintiff be adjudged the owner of any portion of the land within the boundary, does not change the character of the action.

It is no objection to the plaintiff's action to have land surveyed in order to establish the boundary, that the thing to be surveyed is indefinite.

Where the owner of land refuses to have the boundary line fixed in accordance with the respective titles of himself and his contiguous proprietor, thereby compelling such proprietor to resort to the courts to establish his boundary, the costs should not be apportioned, but borne by the proprietor who forces his neighbor to the institution of a suit.

APPEAL from the District Court of Morehouse, *R. W. Richardson*, J. *McGuire & Ray*, for plaintiff. *Robertson & Todd*, for defendant and appellant.

VOORHIES, J. The plaintiff alleges in substance, that he is the owner of a tract of land of 400 acres, situated in prairie Mer Rouge, parish of Morehouse, which is contiguous to a tract of land claimed by the defendant; that the defendant, although requested to have the boundary dividing said tract fixed in accordance with their respective titles, has refused to do so, and has, moreover, actually encroached upon the plaintiff's land by the enclosure of forty acres thereof. He therefore prays that a sworn surveyor, under the appointment of the court, may be ordered to run out and survey, according to the respective titles of the parties, and after the observance of all the forms required by law, the boundary between said tracts of land, and also prays for judgment in his favor against the defendant for the portion of his tract alleged to be enclosed.

The defendant excepted to the plaintiff's petition on the following grounds:

1st. Because it is too vague and indefinite to enable the defendant to discover what the plaintiff seeks to obtain by his suit; whether it is intended as an action of *bornage*, or whether it is regarded as a petitory action.

2d. Because the petition prays that a survey may be made of something indefinite, and that said survey may be made after final judgment, which could not afford any assistance of the cause.

3d. That until the plaintiff shall elect which demand he means to pursue, the defendant cannot prepare any defence, even if any cause of action were set forth.

The allegations and prayer of the plaintiff's petition, it appears to us, sufficiently indicate the character of the action as one merely of boundary, and we do not think the prayer to be adjudged the owner of any portion of the land within the boundary which may be asssigned to the plaintiff, changes in any manner the legal aspect of the action.

As regards the second objection, we think it is equally untenable. If the position, assumed by the defendant's counsel, were conceded, it would have the effect, in our opinion, of defeating the very object which the Legislature had in view, to make that certain which was uncertain.

When two tracts of land, contiguous to each other, have never been separated or had their boundaries determined, or if the boundaries formerly fixed are no longer to be seen, each of the proprietors has the right, under our Code, to compel the others to fix the limits of their respective estates. C. C., 819. It is made the duty of the Judge, having cognizance of suits on the subject of limits, to appoint surveyors to inspect the premises in question, and on their report, to decide according to the titles of the parties and the plans presented to him. C. C., 828. Whether judicially or extra-judicially, such limits must be fixed by a sworn surveyor of this State, and a proces-verbal of his work made in presence of two witnesses, called for that purpose, etc. 829. Such seems to have been the course pursued in this case. It follows, therefore, that the order prayed for was necessary, and was properly granted by the court. From the view which we have taken of the two first objections, it is clear that the third must also be held untenable.

The defendant's exception having been overruled by the Judge *a quo*, he pleaded in defence the general issue, and that the boundary line between the respective tracts of land mentioned in the plaintiff's petition had long since been fixed and established; that the object of this action was to change the same in order to recover the enclosed land in question, of which the defendant had been in actual possession for a series of years. He therefore pleaded the prescriptions of five, ten, twenty and thirty years.

We deem it unnecessary to notice the last branch of the defendant's answer, considering that he is clearly estopped from calling into question the validity of the title of *Abraham Morehouse*, their common author. This conclusion dispenses us also from the necessity of expressing any opinion on the questions presented by the defendant's counsel, touching the jurisdiction of our State court in matters of boundary and location of the public lands.

There was judgment in the court below in favor of the plaintiff, decreeing " that the division line, as run and reported by *Henry Curtis*, surveyor, running east and west between the lands of plaintiff and defendant, be established as the boundary line between them, and further, that the surveyor fix the corner posts and mark the said line in conformity to his plot on file in the case, the costs to be equally paid by plaintiff and defendant." From this judgment the defendant appealed.

The plaintiff, in his answer to the appeal, prays that the judgment may be amended in his favor, by awarding him the costs of both courts against the defendant.

<div style="float:left">ANDREWS<br>v.<br>KNOX.</div>

On the merits, we are satisfied, from a careful examination of the evidence, that the Judge *a quo* did not err in his conclusion. It is not shown, neither is it pretended, that the boundary established by the survey, under the order of the court below, has, by its effect, reduced the quantity of land mentioned in the defendant's title. The evidence on which the defendant relies to establish actual possession of the land claimed by him beyond the boundary thus fixed, appears to us to be entirely too indefinite to form the basis of the prescription necessary for him to acquire a legal title. 6 An., 382; 4 ib., 33.

We think the Judge erred in condemning the plaintiff to pay one-half of the costs of suit. The defendant having forced upon the plaintiff the institution of this suit, equity requires that he should bear the burden of the costs.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended as prayed for by the appellee, and so amended, that the same be affirmed; the appellant to pay the costs of both courts.