## DALZIRE LACOUR v. JOHN P. WATSON.

Plaintiff and defendant had acquired their estates from one common proprietor, the sale to the former was of the most ancient date and was not a sale *per aversionem*—the lower boundary of plaintiff's tract was fixed after the date of the sale to plaintiff. *Held :* That in an action of boundary preference should be given to him whose title was of the most ancient date, unless an adverse possession had produced a difference in the situation of the parties. C. C., Art. 843.

Although the limits had been fixed, as there was no adverse possession to defeat the plaintiff's right by prescription, any errors in the operation of fixing the limits could be corrected in a court of justice.

There was error in condemning the plaintiff to pay any of the costs of suit. The costs produced by the call in warranty should be borne by the defendant.

APPEAL from the District Court of Pointe Coupée, *Robertson*, Judge of the Sixth District, presiding. *A. Provosty*, for plaintiff. *George S. Sawyer* and *W. H. Cooley*, for defendant and appellant.

VOORHIES, J. This is an action of boundary. The parties derive their titles from the same author, *François Vincent Bouis*. The plaintiff in her petition alleges that her purchase was made previous to the defendant's, and prays that a survey be made of the premises, that she be adjudged to be the proprietor of five arpents front from *Zacharie Honoré's* boundary, as established on the 5th of November, 1846; that the boundary between their respective tracts be established in conformity with said survey and their titles, and that she be put in possession of the part of her land now occupied and held by the defendant.

The defendant pleads a general denial, and specially that, at the time of his purchase from *Bouis*, on the 5th of June, 1847, the plaintiff's land had been measured and surveyed and her lower boundary established, and that she took possession in accordance with said boundary with reference to which he purchased; that *Bouis* sold four arpents front of his concession to *A. Ledoux &*

*Co.* and two arpents front, immediately above the plaintiff's land, to *Zacharie Honoré;* and that if there is any error in the measurement of the plaintiff's tract, such error proceeded from the measurement or division of the two tracts. The defendant cited his vendor in warranty, and the latter obtained an order making his different vendees parties to the suit for the purpose of establishing their respective limits.

The court below decreed the boundary between the plaintiff and defendant to be fixed in accordance with a survey made under its order, giving to the plaintiff five arpents front, measured by a perpendicular line from *Zacharie Honoré's* lower boundary, and decreed the costs of suit to be equally borne by the plaintiff and defendant; and the latter appealed.

The plaintiff has filed an answer, praying for an amendment of the judgment in her favor, by extending her lower boundary, in order to meet the calls of the two tracts above previously conveyed by her vendor, and by condemning the defendant to pay all the costs.

The proceedings in relation to the call in warranty, &c., producing a large amount of costs, as we infer from the record, have not been noticed in the judgment of the court below. We do not think they were sanctioned by law; and the defendant was consequently bound for the costs arising therefrom. See the case of *Duplessis* v. *Lastrapes,* 11 R. 451.

The record shows that *François Vincent Bouis* was the owner of a large tract of land fronting on the Raccourci bay, in the parish of Pointe Coupée, which he sold in separate portions to different persons; the first, containing four arpents front from the upper limit, to *A. Ledoux & Co.;* the second, containing two arpents front, to *Zacharie Honoré;* the third, containing five arpents front, to the plaintiff; and the fourth, containing ten arpents front, to the defendant—all contiguous to each other. The plaintiff's tract is described in the conveyance to her as being bounded above by *Zacharie Honoré's* tract, and below by the land of the vendor, *Bouis,* and the defendant's tract, in the deed to him, as being bounded above by the plaintiff's tract.

The Civil Code, Art. 843, declares: "If the parties claim under simple acts of sale, or other acts which can transfer property, without being supported by any anterior concessions, and if they, or the persons from whom they acquired their estates, have acquired them from one common proprietor, the preference shall be given to him whose title is of the most ancient date, unless an adverse possession has produced a difference in the situation of the parties."

The right of the plaintiff to the five arpents front, as set apart to her in fixing her lower boundary, appears to us to be perfectly clear under this Article. There is nothing to show that an adverse possession has produced a difference in her situation, so as to defeat her right by prescription. The sale to her was clearly not a sale *per aversionem;* the land was not sold by specific boundaries, the lower boundary being fixed after the date of the sale. By the effect of the sale, the plaintiff and her vendor became proprietors of contiguous estates, giving rise to the action of boundary. The limits were fixed, but the parties did not lose thereby their right of resorting to a court of justice to rectify any errors which may have been committed in the operation. C. C., Articles 821, 835, 849.

The doctrine of estoppels pressed on our consideration by the appellant, we think is inapplicable in the present case; for the date of the plaintiff's alleged acquiescence in the fixing of her lower boundary, as directed by her vendor,

it is not shown that such acquiescence was given in presence of the defendant; nor is it shown that the plaintiff ever made any representations to him previous to his purchase in relation to said boundary.

We think the Judge *a quo* erred in condemning the plaintiff to pay any of the costs of suit. See the case of *Andrews* v. *Knox*, 10 An. 604.

There was no error in fixing the plaintiff's boundary according to the prayer of the plaintiff's petition.

It is, therefore, ordered and decreed, that the judgment of the court below be amended in favor of the plaintiff and appellee, by condemning the defendant and appellant to pay all the costs of suit in the court below; and, so amended, that the same be affirmed, with costs.