## WILLIAMS et als. *v.* CLOSE et als.

When a survey is ordered, the costs of making it must be taxed with those of the suit, and paid by the party cast in the action.

On the dissolution of an injunction, the Judge may allow damages to the amount of twenty per cent. on the judgment enjoined, without proof.

But when counsel fees are proven and allowed, exceeding twenty per cent., the Judge cannot, in addition to such allowance, award twenty per cent. as damages.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *Swayze & Moore*, for plaintiffs. *T. H. Lewis & Porter*, for intervenors. *B. F. Linton*, for defendant and appellant.

MERRICK, C. J. A judgment of the District Court in this case was affirmed by this court in 1857. See 12 An. 573, 578. On the return of the mandate to the lower court, an execution issued for the costs. The present proceeding is an injunction against the Sheriff and plaintiffs, to enjoin so much of the execution as was issued for the costs of the survey, amounting to $449 08, and the fees of one of the witnesses.

The injunction was dissolved, with twenty per cent. damages, eight per cent. interest, and fifty dollars special damages for attorney's fees.

The plaintiff in injunction appeals.

If the District Judge were of the opinion that there was not sufficient time to make up the transcript, he could make the appeal returnable to the next following term of the Supreme Court.

We do not understand counsel for appellant to complain of so much of the judgment as allows the plaintiffs the costs of his witness.

As to the survey, it was ordered by the District Court, notwithstanding the opposition of the defendant. The costs, therefore, of the survey, were properly taxed against the defendant under the very letter of the statute of March 15, 1855. See p. 467, sec. 5. It is enacted, " That the fees chargeable by surveyors shall be paid by the parties desiring their services ; and when the services shall be rendered in obedience to an order of a court, in a suit therein depending, the surveyor shall make and state an account of his fees for such services written in words at full length on the back of one of the plats returned by him to the court, and the same shall be allowed in the bill of costs to be against the losing party, as other costs ; but when it shall appear that the survey, or any part thereof, was made at the instance of the party cast in the suit, so much of said fees as accrue on the work done by the surveyor for such party shall not be taxed." See also Bullard & Curry's Dig., p. 796.

The survey in this case was made at the instance of the plaintiff in a cause then pending, and judgment having been rendered against the defendant, the costs of the same were properly taxed to be paid by the losing party. The District Judge having determined that the survey was necessary in the original suit, by ordering the same, we must presume that it was useful and necessary notwithstanding the ancient plats on file.

It is contended by the appellant, that the judgment is erroneous in condemning him to pay fifty dollars special damages, and twenty per cent. general damages on the amount enjoined, viz, 449 08.

93

WILLIAMS
v.
CLOSE.

We do not perceive that any other damages have been proven besides the attorney's fees. The Act of 1831, reënacted in 1855, gives the court power to render judgment *"for not more than twenty per cent. damages, unless damages to a greater amount be proved."* Acts 1855, p. 325, sec. 7.

Interest is the only damages allowed by law for delay in the payment of money. C. C. 1929. The court cannot, therefore, in general, where interest is allowed, presume that the party has sustained damages to a greater amount. The exception to this general rule is in the case of injunction, where the court may, under the statute, award, without any proof whatever, damages to the amount of twenty per cent. on the amount enjoined. But more than this cannot be allowed without proof.

In this case, the attorney's fee, proven, amounts to more than twenty per cent. damages. It was, therefore, properly allowed. But the court has given the plaintiff twenty per cent. damages in addition. This, under the exposition of the statute made by this court, as well as by the language of the law itself, seems to be erroneous. See *Brown* v. *Lambeth,* 2 An. 823 ; *Farrar* v. *New Orleans Gas Light Company,* ib. 874.

The court did not err in awarding eight per cent. interest upon the amount enjoined. This part of the original judgment did not bear interest, and the District Court properly, on the dissolution of the injunction, awarded the highest rate of conventional interest. Acts 1855, p. 325, sec. 7.

The affidavit for an injunction was sufficient.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, by striking therefrom the allowance of twenty per cent. damages on the amount enjoined, and that said judgment so amended be affirmed, the appellees paying the costs of the appeal.