The opinion of the court was delivered by
Breaux, J.
This is an action of boundary instituted by the plaintiff to ascertain and fix the limit of his land from the land adjacent owned by the defendant.
The defendant opposed the survey, and contended that the boundary lines were fixed more than ten years prior to the suit; urged that he was a possessor in good faith, and invoked the prescription of ten years.
Plaintiff’s title through mesne conveyances descends from the defendant.
From sale by the defendant in the year 1869, to his vendee, he excepted a lot of one hundred and twenty feet square, and identified it as adjoining the track of the railroad, now the property of the Morgan Louisiana & Texas Railroad, on which his store was located. As an incident of the suit a portion of the lot defendant reserved is in contestation.
A number of years subsequent to the sale the defendant constructed another building for a store.
Charles Espenan, now dead, one of plaintiff’s authors, was the proprietor of the place (owned by the plaintiff) until April, 1886.
*1327 He transferred it to Couteux.
The latter sold one-half of the tract to Charles Gaude in the year 1887, and in 1890 the other half to F. Justin and Joachim Gaude, which is the portion now owned by the plaintiff.
In the different deeds of sale a plat of survey annexed to the sale, passed before Charles G. Andry in 1884, under which Espenan became the owner, is referred to for description of the property. The lower line of the lot in question is represented as the upper line at that point of the railroad track.
While Espenan was the owner of the place now owned by the plaintiff, with the former’s consent, the defendant had a fence built on his lines, as he evidently thought.
A plat of a recent survey offered in evidence shows three lines parallel with the railroad track.
One of these lines is thirty-five feet from the centre of the track, the other seventy-five and the last one hundred feet.
Many years ago the railroad company made embankments with earth taken from a place since known as a barrow pit. This pit extends some distance along the railroad, and has a width to about where is the one hundred foot line claimed by the railroad. A few feet above and along the pit there was during many years a fence.
If the line of fence be extended to the Bayou Lafourche as the correct line dividing the defendant’s lot from the railroad track, defendant’s upper line will encroach upon the land of plaintiff. If, on the other hand, the line bs drawn parallel to and within a few feet of the track,“’the difference in measurement, if. any, between the plaintiff and the defendant will be considerable.
The District Judge decided that the lower wall of defendant’s store building should be the starting point, it being the building and grounds reserved by the defendant.
From this decision the defendant appeals.
The line of the defendant is contiguous to that of the upper line of the railroad. No other line can be drawn without disregarding the description in the deed. The evidence upon that point is clear and conclusive.
The difficulty arises in discovering marks designating the limit.
After searching the records, it seems that no written title has been discovered, which can throw light upon the limit of the railroad’s right. Many years ago, without having to resort to proceeding of *1328 expropriation, and presumably with the consent of the owners, the railroad laid its track at that place. The result is that the precise Width of the right of way is not known. The estimate based upon the original right varies from thirty-five, fifty, to more than one hundred feet from the road bed centre. At a time when the right was undefined.
The limit can not be extended on one side without assuming that the railroad company held by prescription.
However perfect its right may be, we would not be justifiable in determining that the railroad has a prescriptive right. The lapse of time alone is not sufficient to establish the right. Courts can not supply the plea, and it is of no avail until invoked as a means of defence or attack and determined. In justice to defendant’s counsel we desire to state that they have made no such useless plea. We only refer to prescription in order to supplement it with the statement that we would not be disinclined to remand the case to ascertain limits if evidence of expropriation, sale or donation was within reach.
We return to the deed, in which the defendant reserved his lot, and find as a fact that he indicates it by “a store occupied by C. C. Williams and having a front of about one hundred and twenty feet by one hundred and twenty feet in depth,” above adjoining the railroad. He was part owner of the building at the date of the sale, and occupied it as a store.
The mark was selected by the defendant, the selection was placed of record, and is now in the absence of any charge of error or fraud determinative of his right.
It can not be concluded that the store building was not included within the limit, in the face of the positive description to the contrary. It is urged that the fence, under which the defendant possesses, was placed where it is with the consent of a previous owner of plaintiff’s tract of land, about fifteen years ago.
Under any theory of the ease, adopting any of the lines, the fence can not be the limit. It is indicated on the plat by the letters G. S. T. R. The nearest point of the enclosure to the outer line of the railroad track is a distance of nine and one-half feet, and the line from that point, instead of running parallel to the railroad, diverges from its outer line and leaves a space irregular in shape, which manifestly the parties did not intend to leave between defendant’s lot and the railroad line.
*1329 Moreover, it is not the description for which the deed calls. The error is manifest and gives no support to the prescription of ten years.
The principle announced heretofore, that a mistake of this kind neither destroys title nor confers title, applies.
Owners are not bound by a consent regarding boundaries, fixed by themselves in error; without having left the matter to experts. Gray vs. Couvillon, 12 An. 730, 732.
The question of costs remains for our determination. The defendant was condemned in the District Oourt to pay costs of suit, and the plaintiff to bear half of the costs of survey and establishing the lines.
The defendant having denied the necessity of an action to settle the boundary, owes costs of suit. Tircuit vs. Pelanne, 14 An. 215.
It is therefore ordered, adjudged and decreed that the judgment is affirmed at appellant’s costs.