LAFAUCIA v. WAGNER

---

(September 17, 1927.   Opinion and Decree.)
(November 14, 1927.   Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Surveyors and Surveys—Par. 27.**

A judgment non-suiting plaintiff as to costs of a survey, ordered by the Court in a suit to establish boundary, will be affirmed where the evidence shows plaintiff had refused to try to settle the matter out of court.

Appeal from Division "E" of the Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by Anthony Lafaucia against Gustave Wagner.

There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

J. B. Rosser, Jr., and Frank P. Lucia, of New Orleans, attorneys for plaintiff, appellant.

Wm. A. Shaw, of New Orleans, attorney for defendant, appellee.

JONES, J. This is a suit to fix the boundary line between two adjoining lots in this city.

In his petition plaintiff, after averring an endeavor to adjust the dispute out of court, embodies a prayer for injunction to prevent defendant from destroying the then existing fence, along with a prayer for the appointment of a surveyor by the court to fix the boundary line at defendant's cost.

Defendant, after pleading the general issue and specially denying that plaintiff ever tried to settle the matter amicably, prayed that suit be dismissed at plaintiff's cost.

There was judgment for plaintiff perpetuating the injunction, fixing the boundary line according to the survey of the court's expert for about half of the disputed line and ordering defendant to pay the costs of the suit, but plaintiff was nonsuited as to his claim for costs of survey and also as to his claim for the determination of the other half of the boundary line in dispute.

From this judgment plaintiff alone has appealed and defendant has not answered the appeal.

In his oral argument and brief plaintiff admits his satisfaction with the judgment as to the boundary, but disputes the validity of the judgment insofar as his claim for surveyor's costs was non-suited.

Plaintiff's liability for costs of survey is, therefore, the sole question before us.

The evidence shows that plaintiff received a registered letter from defendant's attorney, asking for an amicable adjustment of the dispute, but that plaintiff did not answer it and filed suit instead.

It has been repeatedly held by this court and the Supreme Court that the defendant in a boundary suit owes the entire cost of the survey where he has refused to adjust the matter out of court, when amicable demand was made beforehand by plaintiff.

See

Capo vs. Blanchard, 1 La. App. 3.
Andrews vs. Knox, 10 La. Ann. 604.
Lawes vs. Watson, 12 La. 216.
Gaude vs. Williams, 47 La. Ann. 1326, 17 South. 844.

It has also been held that the costs must be divided where there is no proof of amicable demand on one side and refusal to pay on the other.

Gaubert vs. Gaubert, 1 La. App. 719.
Tircuit vs. Pelanne, 14 La. Ann. 215.

Attorney for plaintiff refers us to the case of Williams vs. Close, 14 La. Ann. 737. In that case the facts were different, because the survey was made in a cause then pending over the opposition of the defendant, whereas the defendant in this case far from opposing a survey, actually had one made at his expense and vainly tried to get plaintiff to settle the matter entra judicially.

As plaintiff has entirely failed to prove any demand for amicable settlement prior to suit and as defendant has shown that plaintiff refused to answer his letter seeking such a solution of the difficulty, we must affirm the opinion of the trial judge.

For above reasons the judgment is affirmed, costs of this appeal to be paid by appellant.