## DESHOTELS v. GUILLORY et al. *
### No. 1464.

Court of Appeal of Louisiana. First Circuit.
May 14, 1935.

Roland B. Reed, of Ville Platte, for appellants.

Guillory & Guillory, of Ville Platte, for appellee.

ELLIOTT, Judge.

Mrs. Dorcile Deshotels, widow of Cerant Guillory, alleges that she is the owner of an undivided three fourths and the usufructuary of the other fourth interest in a tract of land described in her petition, and that the boundary line between her land and two adjoining and contiguous tracts, one of which belongs to Arcius Guillory and the other to Dorville Guillory, has never been established. That said Arcius Guillory and Dorville Guillory have been encroaching on her estate and refuse to have the boundary limits between them established. She brought an action of boundary against them prayed that a surveyor be appointed to do the work, that a boundary survey be made between Arcius Guillory and Dorville Guillory and herself, and that after her limits shall have been ascertained, she be authorized to remove to the boundary. That the defendants be required to pay the cost. R. M. Hollier, surveyor, was appointed to do the work.

The defendants appeared and excepted to her demand on the ground that her petition was too vague, and the further exception was urged that her petition disclosed that others should be made parties plaintiff to the suit. The defendant's exceptions were overruled. The surveyor appointed proceeded with the work and established a boundary line between the plaintiff and the two defendants and filed it in court.

The defendants then appeared, and, answering plaintiff's demand, denied her alleged ownership. They further alleged that the boundary limits between them and herself had been fixed by a survey made in the lifetime of her husband and accepted by him more than 30 years previous to the present suit. That she had accepted the line then established and by so doing had estopped herself from contesting the recognized line. That her action was also barred by the prescription of 30 years. The trial resulted in a judgment in favor of the plaintiff as prayed for.

Defendants have appealed. Defendants argue that the lower court should have sustained their exceptions, five in number. Three of them may be regarded as objections that the petition is too vague to enable them to answer and defend the suit. To us the petition seems unobjectionable in that respect. The exception of vagueness was properly overruled.

The fourth exception is that the petition discloses that other parties have an interest as owners in the land claimed by plaintiff and should have been made parties to the suit. The petition alleges that plain-

tiff is the owner of an undivided three fourths and the legal usufructuary of the other fourth, and refers to certain probate proceedings as showing her right. Her petition says, "which records are herein specially referred to for more certainty and particularity." The proceedings referred to are contained in the record, and it appears that on April 8, 1912, judgment was rendered awarding plaintiff the entire ownership of the property described in the petition. Then again the boundary suit is maintainable under the Civil Code, arts. 556, 829, and 830.

The fifth exception is to a large extent covered by our ruling just made, but it contains other averments properly part of the merits and appertains thereto. It is our opinion that the exceptions were all properly overruled.

H. M. Hollier, surveyor, made the survey as ordered and returned his process verbal into court with accompanying plats and field notes on September 19, 1934. The defendants made no objection to it, but on November 23, 1934, they filed an answer to plaintiff's demand, in which they do not mention the survey, and do not attack nor oppose it as incorrect or as having been improperly made, but when it was offered in evidence, they objected to it on a number of grounds.

One ground is that no commission was issued from the clerk of court authorizing Hollier to make a survey. The record shows that he was duly appointed by the judge to make the survey, and he made and returned the survey into the court as the law requires. The record shows that he took the oath prescribed by law, and attached to the oath we find a commission issued to him by the clerk of court commissioning him to make the survey.

Another objection is that the process verbal fails to show the issuance of any commission directed to Hollier. The process verbal says he was appointed to make the survey.

Another is that the notice required by law to be given does not show to have been served by the surveyor, the sheriff, or any of his deputies. The record shows notice to the parties issued under the hand of the surveyor in proper form notifying each of them of his purpose to commence the survey at a certain time, etc. This notice was served on each of the parties in person by Regil Veillon, constable of the Fourth ward of the parish of Evangeline, and the process verbal states without contradiction that the two defendants were there in person, meaning at the place designated for commencing the survey. The notice served by the constable accomplished the purpose of the law. The attendance of the defendants does away with their complaint.

Another objection is that the process verbal fails to show that the two witnesses who signed it with the surveyor were called for the purpose. The law Civil Code, art. 833, directs that the surveyor make a process verbal of his work in the presence of two witnesses called for the purpose who shall sign the process verbal with him. The process verbal shows that A. L. Guillory and Raleigh Latour, competent witnesses called for the purpose, accompanied the surveyor and signed the process verbal with him. The formality prescribed by law on that subject was satisfied.

Another objection was that no rule issued to defendants advising that the process verbal had been written, and they had no delay to show cause why it should not have been homologated. The process verbal was filed in the record on September 19, 1934. The defendants did not answer plaintiff's demand until November 23, 1934, more than a month afterwards, on which day the case had been fixed for trial. The note of testimony shows that the trial was taken up that day pursuant to assignment. No motion for continuance or delay was made. When the survey was offered in evidence, the defendants, as heretofore stated, urged a number of objections to it which were heard and overruled, and the ruling in our opinion was correct. Taking up the case on the merits pursuant to assignment without objection was a waiver and abandonment on the part of defendants to any right to have served on them a rule, as provided for by Code Practice, arts. 456 and 457.

As for the other defenses urged in the answer, there is some testimony which would indicate that a survey may have been made 20 or 25 years ago, but less than 30 years ago. A couple of sticks stuck up in the ground is referred to by two witnesses as indicating that a survey had been made, but no written evidence of a survey existed, and it was not shown by what authority these sticks were stuck in the ground, nor who did it. And the preponderance, we think the more reliable evidence, is to the effect that no survey was made. There was, of course, a government survey made many years ago. As for the government survey, the process

verbal of Hollier and his testimony on the subject shows that in making the present survey he found a government corner in a place where it should not have been, supposing the government course and distance correct according to the field notes 'of the government survey followed from a recognized government corner which he found to be correct. Mr. Hollier did not change the government corner found to be in' the wrong place; he took cognizance of it, but ran a straight line from the government corner which he recognized as such 'and found to be in the right place, the proper course and distance according to the government survey, and thus established the line between the plaintiff and the defendants. In the situation which his testimony shows to exist, that was the proper course to pursue. Revised Statutes of La. 1870, § 3745; Houston Ice & Brewing Co. v. Murray Oil Co., 149 La. 228, 88 So. 802; Smith v. Almond, 157 La. 265, 102 So. 330. We think the judgment appealed from is correct and that it should be affirmed.

■ The lower court condemned defendants to pay all cost of these proceedings, including the surveyor's fees and costs for field notes and of the chainmen. The defendants contend that this holding is erroneous; that under the law Civil Code, art. 663, the cost should have been equally divided.

Dorville Guillory is plaintiff's brother-in-law, the brother of her deceased husband; the other defendant is her nephew. Dorville Guillory, after the death of his brother Cerant Guillory, requested plaintiff to move her fence back. To avoid the possibility of unpleasant relations, she complied. After a few years he requested her to move again, and she again complied. The evidence shows that she endeavored to have the defendants join her in having a surveyor do the work amicably, but they refused, and this suit became necessary.

The Revised Statutes of Louisiana of 1870, § 3744, provides differently from the Civil Code, art. 663, as to cost. Under section 3990 of the Revised Statutes the Civil Code provision prevails, but plaintiff cites a number of cases, Capo v. Blanchard, 1 La. App. 3, page 8; Andrews v. Knox, 10 La. Ann. 604; Lacour v. Watson, 12 La. Ann. 214; Tircuit v. Pelanne, 14 La. Ann. 215; Williams v. Close, 14 La. Ann. 737; Gaude v. Williams, 47 La. Ann. 1325, 1326, 17 So. 844, in all of which it was held that in a case

like the present the party cast must pay all the cost. The judgment appealed from on the question of cost is correct.

Judgment affirmed. Defendants appellants to pay all cost in both courts.