Mokpiiy, J.
delivered the opinion of the court.
This is an action of boundary; the petitioner alleges that his plantation is contiguous to that belonging to the succession of the late Alexander Ha-rang, and that being desirous to have the limits ascertained, he has in vain requested defendant, who is the administrator of the estate, to permit the common boundary line to be determined by a sworn surveyor, but that he has refusod so to do, and has made opposition to the fixing of any boundaries. In answer, the defendant avers that there are and alwaj's have been for a great number of years back, boundary posts between the two plantations in question.
The court below appointed two surveyors to survey the plantations and fix limits between them, after giving notice to the parties of the time of said survey, and reserved to the latter all legal exceptions to the survey when [351] made. The surveyors reported that there existed no boundary posts separating the two plantations in their present state, and that they were proceeding to fix the limits when they met with a difficulty in relation to the respective extent (contenance) of the two tracts of land; that it appeared that although Foucher, the vendor of Alexander Harang, had in reality sold to him in 1810, only twelve arpents and twenty toises; there was found to be after the sale thirteen arpents, fourteen tojses and five feet, according to a survey made in 1814, which they had not seen, but which they were acquainted with from its being mentioned in a petition presented to the court in the case of Foucher v. Harang ; that thus the plantation of Alexander Harang appeared to have a surplus of land of twenty-four toises and five feet[ which is about the quantity claimed by Camille Zeringue; that not having before them either the process verbal of this survey or any title giving to Harang’s plantation thirteen arpents, fourteen toises and five feet, instead of twelve arpents and twenty toises, they have thought it best to refer the matter to the court for it to determine how they should proceed in the premises. *215 After hearing- testimony, the judge below referred the ease hack to the surveyors, with instructions to search for and take as the boundary line a tree and fence mentioned in Judge Dugue’s deposition, on file in the cause. From •this decision the plaintiff appealed.
His counsel contends that “ if the view taken by the district court be correct, the plaintiff is without remedy, and may as well give up his case at once, for, according to the decision, the whole matter is made to depend on the will of this witness; that he is to point out on -the spot the line he pleases, which line, however erroneous it may be, the surveyors are nevertheless bound to take as the basis of their survey.” An action of boundary lies not only when two contiguous estates have never been separated, and the limits determined, but also when the bounds which have been properly fixed are no longer to be seen. La. Code, art. 819. It is not denied that these lands have been bounded for a great number of years back, but it is said, on the [352] part of the plaintiff, that these boundary posts are no longer visible, and that recourse must be had to the title papers in order to determine the boundary line, while the defendant contends that there are vestiges of the old bounds, rendering it useless to fix new limits; and that if any are to be fixed, they must be placed where the former line ran, and not according to the titles. It is not difficult to perceive that the contest between these parties is for the 24 toises 5 feet which appear to have been many years ago measured out and allotted to Alexander Harang, in addition to the extent of land called for by his title. The controversy then turns upon a qirestion of fact, to wit, whether a boundary line has existed, giving defendant that or any other quantity of land, beyond what his title calls for; and whether it is possible to ascertain on the spot the place where the former line stood. Judge Duguo testifies that he does not recollect having seen the fence put up which always separated the two plantations; that it appeared to him a new fence when he remembers to have first seen it; he was then about seven or eight years old, and was born in the year 1789; that this fence has always been considered as placed on the boundary line between the two tracts; that there were ditches running along this fence on both sides, and close to it was a tree, which remained there long afterwards, and the stump of which he saw not long since; that plaintiffs plantation formerly belonged to his (witness’s) father; and that he recollects the place where the fence stood, its course, &c., and that a short time ago he saw a part of this fence yet standing on the premises. This testimony is not contradicted by any one as to the fact of a former limit having-existed, and some traces being yet visible in the place spoken of by this witness. The surveyors only report that they saw no boundary posts; if none are any longer to be seen, new posts must be fixed, but they must be placed where the former limit or fence stood. If in placing them regard is had only to the title papers, defendant may be deprived of land to which he may have acquired a title by prescription; for, although one cannot prescribe [353] against his own title, he can prescribe beyond,his title; that is, for more land than it calls for, if he has had an uninterrupted possession of the surplus during a sufficient length of time. La. Code, arts. 848 and 849. But, upon the whole, it appears to us that the instructions given to the surveyors are not *216 conclusive' on the rights of the parties. When their survey shall be returned into court, it will be competent for the plaintiff to contest defendant’s right to this surplus of land not called for by his title; and he will recover it, unless defendant shows such a possession of it, under the former inclosures, as will establish in Mm a right to the same by prescription; if, therefore, plaintiff has suffered any grievance, he can be relieved on the final judgment to be hereafter rendered in the cause, and should not have called upon us to interfere at this stage of the proceedings. La. Code, arts. 837, 843, 845, 847.
It is therefore ordered, that this appeal be dismissed, with costs.