(116 So. 853)

No. 26800.

FALVY v. SELLERS.

April 9, 1928.

Joseph Harris Brewer, of Los Angeles, Cal., for appellant.

Edward Rightor, of New Orleans, for appellee.

BRUNOT, J. This is a suit to relocate and restore the presently obliterated monuments which once marked an existing boundary.

The plaintiff and defendant own adjoining improved lots in the Seventh district of the city of New Orleans, in square No. 193, bounded by Jeanette, Short, and Birch streets and South Carrollton avenue.

The petition alleges that the defendant laid a concrete driveway from the street to his rear property line; that a part of the driveway encroaches upon plaintiff's lot; that the physical monuments marking the boundary line which separates their respective properties have been obliterated; and that plaintiff desires the said boundary definitely fixed, in the manner prescribed by law, in order that he may exercise his legal right to erect a fence thereon. The prayer is for a judgment fixing the boundary and recognizing plaintiff's right to erect a fence on the line so fixed.

The defense is that plaintiff verbally or tacitly consented to the laying of the driveway as presently located and, therefore, the suit should be dismissed, but, in the alternative, that judgment should be rendered in

favor of defendant and against the plaintiff for $300, the contract price paid by defendant for laying the driveway.

Judgment was rendered in favor of the plaintiff, definitely refixing the original boundary separating the properties involved in the suit; recognizing plaintiff's right to erect a fence on said boundary line; and reserving to plaintiff the right to a petitory action to determine the ownership of the excess frontage found to exist in square No. 193, in the Seventh district of New Orleans, bounded by Jeanette, Short, and Birch streets and South Carrollton avenue.

From this judgment the plaintiff alone appealed. The defendant has not answered the appeal or prayed for an amendment of the judgment. He therefore acquiesces in the implied dismissal of his defense and of his alternative demand.

Before concluding the trial of the case, the plaintiff offered to prove that the square in the Seventh district, of which the lots here involved form a part, contains a greater frontage than is called for by the titles of the front proprietors in that square. The proof tendered was objected to for two reasons, viz.: Because the suit is merely for the restoration of a boundary between properties that had once been physically separated; and because other proprietors of property fronting on the square were not parties to the suit. The trial judge properly sustained both objections and gave the following reasons for the ruling:

"My understanding of the last decision of the Supreme Court is that where there has been a physical separation of the properties and the physical separation is still in existence, there is no such thing as a boundary suit. Then it becomes a petitory action. One man claims another man has a part of his property. Where there has been a physical separation and the monuments or walls have been wholly or partially obliterated, the only action that lies is to relocate and restore it. The only boundary action, as I understand it as assimilated by the Code, is where there has been no separation. The evidence shows there was a physical separation of these two estates. The defendant claims himself the fence was there and he regarded it as being on the line and as being the physical separation between the two estates. The most that I find that I can do is to restore it where I found it was from the evidence without touching the rights of Mr. Falvy to more land, and it seems if he discovers there was 15 inches surplus and he wishes to get it, then his action is against the other four front proprietors and it is in the nature of a petitory action. Therefore I think the objection is well taken and it is sustained." Trans. pp. 136, 137.

In this case article 833, R. C. C., was complied with, and the surveyor's plat (Tr. p. 28) shows the plaintiff's property was surveyed both for title measurement and with 15 inches surplus measurement taken into account and properly prorated. It is shown that a feather edge fence marked the boundary dividing the properties of plaintiff and defendant for more than 20 years. A portion of the fence still exists at the rear of plaintiff's property and locates the original boundary 149 feet 10½ inches from Jeanette street. The judgment appealed from re-establishes that boundary, although the plat of survey, according to title measurement, gives the plaintiff's lot 1½ inches greater depth. The judgment is based upon the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, in which two divisions of this court, composed of six of its present justices, held that—

"When the two estates have never been separated, the boundaries must be fixed according to the respective titles. R. C. C. art. 845. *"When the two estates have once been separated, but the monuments have disappeared, they must be replaced as they formerly stood.* Zeringue v. Harang, 17 La. 349." (Italics by the court.)

Unless the Opdenwyer-Brown Case is overruled, the judgment appealed from is correct. We think it should be approved and followed. The judgment appealed from is therefore affirmed, the costs of the appeal to be paid by appellant.