ROGERS, J.
 

 This is a petitory action. Plaintiff alleged that it is the owner of a certain tract of land situated in the city of New Orleans, comprising 9.43 acres, more or less, in Tp. 12 S., R.
 
 12
 
 E., having a width of 107 feet between parallel lines, lying west and adjacent to the Downman road, extending from Gentilly road to the section line of Sec. 8, Tp. 12, S., R. 12 E. Plaintiff further alleged that the defendant' is in actual possession of that part of its property situated at the northwest corner of Gentilly and Downman roads, measuring about 107 feet front on Gentilly road and about 120 feet in depth and front on Downman road.
 

 Defendant denied plaintiff’s title to the property in dispute, alleged its own title thereto, and admitted possession thereof.
 

 The court below rendered judgment recognizing plaintiff to be the owner of the -property claimed and ordering defendant' to forthwith deliver possession thereof to plaintiff. Defendant appealed.
 

 We have carefully examined the maps,
 
 *822
 
 deeds, and oral testimony contained in the record, and have reached the conclusion that they support the judgment appealed from.
 

 Gentilly road is a highway running generally from east to west. On the north side of and parallel to the road lies Bayou Sauvage. The property in dispute is between the road and the bayou.
 

 By an act before Goldberg, notary, dated March 14, 190S, the New Orleans Lake Shore Land Company, an ancestor in title of the plaintiff, purchased from the Hibernia Bank & Trust Company, trustee, a tract of land measuring one arpent front on Gentilly road by 20 arpents deep. The property sold was also described in the deed as being the lot designated by the No. 18 on a plan of L. Bringier, surveyor, dated October 4, 1836, deposited in the office of L. T. Caire, notary, and measuring one arpent front on Bayou Sauvage by 20 arpents deep. The Bringier plan showed, however, that the tract of land actually extended across the bayou and fronted on Gentilly road. The New Orleans Lake Shore Land Company immediately went into possession of the property after it had acquired it, and dedicated a strip of ground S5 feet wide for a roadway, which it actually constructed, extending from Gentilly road to a large tract of land which it owned and was developing on the shore of Lake Ponchartrain. This roadway was constructed across Bayou Sauvage, which was filled in for the purpose at that particular spot. Subsequently, the roadway, which was given the name of Downman road, was dedicated to the city of New Orleans as a public highway.
 

 In the deeds executed prior to the one in which the New Orleans Lake Shore Land Company acquired the property, it is sometimes described as fronting on Bayou Sauvage and sometimes as fronting on Gentilly road, with the latter description apparently predominating. In all the deeds executed posterior to the one in which the New Orleans Lake Shore Land Company acquired the property it is invariably described as fronting on Gentilly road. The same description is also contained in various tax sales made more than 20 years ago; the rights of the tax purchasers having been acquired by plaintiff’s ancestors in title.
 

 Prank H. Waddill, an experienced surveyor, who is well acquainted with the local conditions, testified, as a witness for plaintiff, that Gentilly road is built on the slope of the bank on the edge of Bayou Sauvage; that the bayou itself is merely a depression between two ridges, with no well-definéd banks; that, never having been a drainage channel, but merely an overflow for the Mississippi river, it has never carried any considerable volume of water since the construction of levees on the banks of the river; that at the present time the bayou is obstructed in many places by causeways that have been thrown across it by persons owning property on the north side to enable them to reach Gentilly road. The witness further testified that the ancient surveys were based on the center of the bayou, 20 arpents on each side from that point, making a total of 40 arpents ; that in practically all of the later surveys, where the tracts on both sides of the bayou were subdivided into the usual arpent tracts, all of such tracts were made to front on the highway and not on the bayou, and the bed of that water course has been included for miles along Gentilly road within the lots or area on the north side. The witness specifically pointed out that on the Bringier plan lot No. 18, hereinbefore referred to, as well as the other lots situ
 
 *824
 
 ated. both north and south of Gentilly road, are shown as actually fronting on that road.
 

 By an act of sale executed before Soniat, notary, Alexander Erancis acquired from Thomas Edwards a tract of land designated by the No. 2 on the Bringier plan; said tract of land measuring one arpent front on Gentilly road by a depth of 20 arpents between parallel lines. By an act of sale executed before Legier, notary, dated May 5, 1919, Alexander Erancis sold the tract of land thus acquired to the defendant John J. Janussa, and on the same day before the same notary Alexander Francis, for the consideration set forth in the act of sale, executed a quitclaim deed to John J. Janussa of a portion of land, which includes the property involved in this litigation. The description and measurements set forth in the quitclaim deed show a lot of ground 271 feet front on Gentilly road, 271 feet in width in the rear and front on Bayou Sauvage, by a depth of about 120 feet between parallel lines.
 

 From the foregoing summary of the facts, it appears plain to us that the plaintiff has established its title to the property in dispute. The Bringier plan, according to which both plaintiff and defendant acquired their respective tracts of land, shows that plaintiff’s land lies on the north side of and extends to Gentilly road, and that defendant’s land lies directly opposite on the south side of and fronts on the road. Certainly, for more than 20 years, with the exception of the quitclaim deed from Alexander Erancis to the defendant, this condition of things has been recognized as correct and acquiesced in by all parties in interest. Defendant ought not, and cannot, be permitted to disturb it now.
 

 For the reasons assigned, the judgment appealed from- is affirmed.