The focal point in this appeal is whether the survey made by an expert surveyor, appointed by the trial court to fix the boundary line between respective properties of the plaintiff and defendant, was made in conformity with law, and whether it is sufficient to serve as a basis for the judgment rendered in favor of plaintiff and against defendant, from which judgment defendant has taken this appeal.
Plaintiff, owner of Lot 12, Square 98, Fifth District of New Orleans, claims that the boundary line between his property and that of Lot 11, owned by defendant, which adjoins Lot 12 on its side, has been wrongfully established, and that the fence which purports to divide the properties, and a garage building of defendant, encroach upon Lot 12. The petition further alleges that the original markers have been lost, destroyed or removed, and prays for the *Page 450 
appointment of a surveyor to determine the true line, for judicial establishment of the boundary, and for an order directed to defendant to remove the encroachments. Although the appointment of an expert surveyor by the court is sought, plaintiff's prayer is that the boundary be fixed in accordance with a survey made by L. J. Stewart, Surveyor, on August 12, 1946 (a private survey which plaintiff had made some months before the present suit was filed).
Defendant denied the incorrectness of the present boundary and specifically denied that the fence or garage encroach on plaintiff's lot. He alleges that the fence and garage were placed in their present locations in accordance with a survey which he had made by his own surveyor, J. J. Krebs, on September 21, 1946.
In due course, E. L. Eustis, the expert appointed by the court, filed his proces verbal and a blue print of a survey made by him on March 27, 1947. The survey embraces the whole of Square 98 and fixes the line between Lots 11 and 12 at a point hopelessly irreconcilable with the lines shown on either the Stewart or the Krebs print. Eustis' survey depicts the fence and garage as encroaching on Lot 12 to a greater extent than Stewart shows them to encroach.
Counsel for defendant excepted to the Eustis survey and proces verbal well before the date fixed for the trial, and the court, after hearing Eustis' testimony during the trial, overruled the exception and homologated the survey and proces verbal. Judgment was ultimately rendered against the defendant as prayed for, and the showings of Eustis were adopted as the basis for the judgment.
Counsel for defendant, before us, has reurged the exception and contends that the trial judge erroneously accepted Eustis' findings, as the survey and proces verbal were not made in the manner directed by law and were unattended by the formalities provided by the Revised Civil Code, in that the survey "was made out of the presence of your defendant as well as that of his surveyor and representative."
Before proceeding to a discussion of the objection, it first becomes necessary to determine whether this suit involves an action in boundary, or is of a petitory nature in view of plaintiff's demands that defendant be ordered to remove the fence and building from the strip of land of which plaintiff claims to be the owner. If the case is strictly a boundary action, it was encumbent upon plaintiff to show that Eustis' work was done in conformity with law, otherwise his survey and proces verbal could not be accepted and serve as the basis for a judgment. On the other hand, if the matter is to be likened to a petitory action, no such showing need have been made, as the ownership of the disputed strip as well as the division line could have been proved by any competent evidence.
We find that the question has been adjudicated on several occasions, and it is well settled that actions involving demands exactly similar to those involved in the instant case are classified as actions in boundary. Vicksburg S. P. R. Co. v. LeRosen, 52 La. Ann. 192, 26 So. 854; Opdenwyer v. Brown,155 La. 617, 99 So. 482; Anding v. Smith, La. App., 189 So. 362; Henly v. Kask, La. App., 11 So.2d 230.
The object of an action in boundary is to separate physically one estate from another and mark the limits of each by visible bounds. The limits may be fixed judicially or extra judicially, but in either case "it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing." R.C.C. art. 833.
It is the mandatory duty of the surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities according to the following pertinent articles of the Revised Civil Code:
Art. 834: — "Whenever any surveyor is called on to fix the limits between adjacent estates, it is his duty to notify, in writing, the owners interested therein to be present at the work, if they think proper, and to inform them of the day and hour when he will proceed to fix the limits; and he is bound to make mention in his proces verbal *Page 451 
of the notice he may thus have given, of the names of the parties notified, and of the date of notice; and the surveyor shall make a record of his proceeding, and of the plans drawn by him, in order that copies may be delivered to the parties who may require them."
Art. 835: — "If the parties thus notified, their representatives or attorneys in fact, appear at the fixing the limits, the surveyor appointed for the purpose is bound to demand of them their respective title papers, which they are bound to deliver to him in good faith, if they have them in their possession, in order that the surveyor may determine, by examining them, in what place to fix the boundaries.
"If the parties thus notified, or their representatives or attorneys in fact, refuse to deliver their title papers, the surveyor shall make mention of their refusal in his proces verbal, and of the causes they have alleged, if they have assigned any, for their refusal."
Art. 836: — "The surveyor shall not set up his boundaries, until he shall have finished the whole work, and until then he must mark his lines of separation by pickets stuck in the ground for that purpose."
Art. 837: — "If, before the surveyor has finished the work, or set up the boundaries, the parties interested, or any of them, shall make opposition thereto, the surveyor must desist, and refer the parties to the court, to have a decision on their respective rights, after having made mention of the opposition in his proces verbal, and the reason for the same, if any be alleged."
The proces verbal shows that the notices required by art 834 were given to the interested owners to be present at the property at a designated time for the purpose of making the survey. Continuing, the document recites:
"* * * with a sincere desire to save the time of all parties at interest, I went to Algiers the day before the actual time fixed for making the actual survey. From 8:00 A.M. until well into the afternoon hours of Wednesday, March 26, 1947, I ran the property lines of Atlantic, Pacific, Eliza and Evelina Streets, * * *
"The next day, at the appointed hour, and having previouslyprepared the plan of my findings, I once again visited the scene of this survey. I was met by Mr. Conrad, the Plaintiff, Mr. Roussell, the Defendant, Mr. Cockfield, the Attorney for the Defendant, and by Mr. Krebs, Surveyor, who had surveyed the property of the Defendant. I explained to each and every one just what I have outlined here and gave them my reasons formaking the survey the day previous. I conducted all parties at interest completely around the Square and pointed out the markings of my four base lines (one on each Street). Finally, Igave all present a blue print of my findings * * *." (Italics ours.)
Eustis, in his testimony, also frankly admitted that the survey had been made the day before that fixed in the notice, and that when the parties appeared on the appointed day they were handed a blue print of the completed survey.
In view of the circumstances under which the expert performed his work, we are of the opinion that the trial court should have rejected his report. Under codal article 837, the parties interested, or any of them, are given an opportunity, before the work is finished, to make opposition, in which case the surveyor must desist and refer the parties to the court to have an adjudication of their respective rights. By his completion of the work before the time designated in the notice, Eustis denied the parties their substantial right of witnessing the work as it progressed, and deprived them of their right to register objections, if they had seen fit to make any, and the notice to them was ineffectual and was equivalent to no notice at all.
It clearly appears that, the formalities of law not having been complied with by the expert, the survey could not validly be used as evidence in the case, and under no circumstances should it serve as the basis for the judgment rendered.
In view of our conclusions above, we have decided to remand this case to the lower court for the purpose of having the properties resurveyed by an expert, and for a retrial. There is authority for this procedure. *Page 452 
Lindsay v. Wright, 27 La. Ann. 565.
It is, therefore, ordered that the judgment herein be reversed, and it is decreed that this case be remanded to the court below for a new trial, to be proceeded with in accordance with the views herein expressed, appellee to pay all costs of this appeal.
Reversed and remanded.
REGAN, J., absent, takes no part.