HARDY, Judge.
This is a possessory action in which plaintiffs, claiming to have been disturbed in their possession of certain specifically described property, prayed for judgment against the defendants ordering the restoration of their possession, and, further maintaining and quieting them in the possession of said property. There was judgment for plaintiffs, from which defendants have brought this appeal.
This matter has been before us on appeal on a previous occasion, and plaintiffs filed a motion to dismiss the appeal on the ground that defendants had acquiesced in the judgment. This was contested by defendants and we ordered the case to be remanded for the purpose of taking testimony upon the issue of acquiescence; Braley v. Crow, La.App., 43 So.2d 920.
The testimony taken before the District Court in response to our order of remand establishes the fact that defendants did remove the fence, the erection of which constituted the specific disturbance of possession of which plaintiffs complain. However, the record bears out defendants’ claim that the removal of the fence was not undertaken with any intent of acquiescing in the judgment rendered by the District Court, but for the sole purpose of complying with the provisions of an agreement with the United States Government. During the course of this litigation the Federal Government, expropriated a con *356 siderable area in the interest of the erection of the Bodcaw Dam project, including the greater part of the strip of land here involved. Defendants were allowed a certain period of time within which to remove all improvements from the condemned land and we think it is conclusively established that this was their sole purpose in removing the fence. As a consequence, the motion to dismiss the appeal is overruled.
On the merits, in view of the conclusions which we have reached, we deem it unnecessary to dwell in detail upon the facts involved.
Plaintiffs’ possession, the nature thereof and the property involved are set forth in Article 1 of their petition as follows:
“That your petitioners are and have been for many years prior to the institution of this suit, in possession, as owners, of a certain parcel of property, situated in Webster Parish, Louisiana, which is enclosed by fence, which fence surrounds and encloses the following described property, to-wit:
“North half of Southwest quarter (N% of SWy4) and Southwest quarter of Southwest quarter (SW14 of SW^), all in Section 24, Township 22 North, Range 11 West, less three (3) acres in Southeast corner.”
The nature of the disturbance of which plaintiffs complain is described in Article 3 of the petition, as follows: “That on the 27th day of April, 1949, Tom W. Crow and Alvin Crow, both residents of Webster Parish, Louisiana, entered the enclosure of your petitioners and proceeded to construct and erect a wire fence across a portion of the property already enclosed by petitioners’ fence, the fence so constructed by defendants being within the fence of petitioners presently surrounding the property.”
The prayer for relief reads as follows: “Wherefore, petitioners pray that the said Tom W. Crow and Alvin Crow be duly served with a copy of this petition and cited to appear and answer same, and, that after due proceedings had, there be judgment in favor of . your petitioners and against the said Tom W. Crow and Alvin Crow, decreeing that the possession of said property be restored to your petitioners and maintaining and quieting your petitioners in the possession of said property. Petitioners further pray for all costs of this suit and for full and general relief in the premises.”
The answer of defendant admits plaintiffs’ ownership and possession of the land described in paragraph 1 of plaintiffs’ petition, supra, but denies any disturbance of plaintiffs’ possession of any portion of the land described.
The judgment as rendered and signed contains the following decrees:
“It is ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against the defendants, Tom W. Crow and Alvin Crow, recognizing and decreeing that plaintiffs are entitled to the possession of that certain parcel of property situated in Webster Parish, Louisiana, enclosed by a fence around the farm of plaintiffs, which fence surrounds and encloses the following described property, to-wit:
“North half of Southwest Quarter (N% of SW%) and Southwest Quarter of Southwest Quarter (SWj4 of SW%), all in Section 24, Township 22 North, Range 11 West, less three (3) acres in the Southeast corner thereof.
“It is further ordered, adjudged and decreed that the said Tom W. Crow and Alvin Crow be and they are hereby directed to remove and demolish, at their expense, the wire fence constructed by them on or about the 27th day of April, 1949, in such a manner as to enclose a strip approximately One Hundred Forty (140) yards in width, East and West and one-half (%) mile in length, North and South, along the West side of the property enclosed within the fences surrounding the farm of plaintiffs, and that in default of so doing, a writ of possession issue directed to the Sheriff of Webster Parish, Louisiana, commanding him to restore plaintiffs to possession of said property.
“It is further ordered, adjudged and decreed that plaintiffs be maintained and *357 quieted in their possession of said property.
“It is further ordered, adjudged and decreed that the defendants pay all costs of this suit.”
Careful examination of the rather voluminous record before us is convincing on the point that plaintiffs have suffered no disturbance of their possession of the property described in their petition and in the judgment. The actual disturbance occurred with respect to a strip of land approximately one-half mile in length, north and south, and 123 feet (not 140 yards as set forth in the judgment) in width, east and west, which strip.lies entirely within Section 23 adjacent to the land described in plaintiff’s petition in Section 24.
We are unable to understand how plaintiffs can be accorded relief in a possessory action with respect to specifically and exactly described property in the absence of any evidence of the disturbance o'f their possession of such property.
It is recognized that one of the requisites of a possessory action is a sufficient description which serves to give the defendant reasonable notice as to what land is in dispute; 20 T.L.R. 528-529 and cases cited.
 In the instant case plaintiffs have accurately described certain land, and the defendant is entitled to rely upon such description as representing the locus in quo of the alleged disturbance. Since no disturbance of possession of the land described has been established, the conclusion is inescapable that no responsive judgment can be rendered.
In passing we further observe that approximately three-fourths of the strip of land in Section 23, which is actually in dispute, has been acquired by the United States Government since the institution of this suit. We know of-no authority permitting the interpleading of the sovereign, since the property has been taken in the exercise of the Government’s right of eminent domain. As a practical proposition this dispute between the parties now concerns only- the extreme north one-fourth of the entire strip, or some one and three-quarters acres, more or less. Any other rights as between the parties must now concern simply the question of the right to such monies as have been paid or are to be paid by the Government.
In consideration of the equities involved we think the proper judgment would be one which will restore the parties as nearly as may be possible to the status quo ante.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be, and it is hereby set aside, and there is now judgment dismissing plaintiffs’ demands as of nonsuit. Costs of this appeal are taxed against plaintiffs-appellees and all other costs are apportioned equally between the parties plaintiffs and defendants.