HARDY, Judge.
This is an action instituted by plaintiff for the purpose of fixing á boundary between the contiguous estates of plaintiff and defendants. Defendants interposed pleas of prescription of ten, twenty and thirty years, and after trial there was judgment sustaining the plea of prescription of thirty years and overruling the other pleas. From this judgment plaintiffs have appealed. Inasmuch as defendants have neither appealed nor answered plaintiff’s appeal, the judgment with respect to the pleas of ten and twenty years prescription is no longer at issue and the only question which now concerns us is the plea of thirty years prescription.
Plaintiff alleges his ownership of that portion of the EY2 of SE14 of Section 23, Township 22 North, Range 11 West, Webster Parish, Louisiana, which lies East of Bodcaw Bayou and which is bounded on the East by the WJ4 of SW-^, of Section-24, Township 22 North, Range 11 West, Webster Parish, Louisiana, owned by the defendants. The petition further alleges that no boundary line between the described contiguous estates has ever been surveyed or established as provided by law, nor has there ever been a physical separation of the two estates. Other allegations and the prayer for relief accord with the requirements for an action of this character.
Defendants’ plea of prescription is based upon the contention that the boundary has been marked for more than thirty years by a wire fence, which physically separates the estates; that the existence of this structure has been visible during said period to the knowledge of the plaintiff, and that the respective parties have possessed and occupied as their several estates the lands separated by said fence.
According to a stipulation by counsel for the parties litigant plaintiff acquired the SEI4 of SE% of Section 23 East of Bod-caw Bayou in 1907 and the NEJ4 of SE^ of Section 23 East of Bodcaw Bayou in 1910, whereas the defendant, D. M. Braley, acquired the NW% of-SWJ4 of Section 24 in 1908 and the SWJ4 of SW*4 of Section 24 in 1917. At the time of his acquisition of the property described D. M. Braley was married and living with his wife, Ada Cynthia Houston, who died • in 1943, survived by two sons, her sole and only heirs, James E. and Shelby R. Braley, who are the other defendants here impleaded. It is also stipulated that plaintiff and defendants have not parted with their respective titles.
In 1911, after his acquisition of the properties described, plaintiff erected a wire fence from the south line of Section 23, northerly, to or near the half section line. The fence was broken by an east and west public highway running through the southern half of the two sections, 23 and 24. Additionally, plaintiff constructed fences about his land running west to the Bayou both north and south of the highway. It fixrther appears that north of the highway a very narrow private road extended north along the wire fence and to the east thereof.
*359 It is definitely established that the defendant, D. M. Braley, possessed the land east of the wire fence and in the course of clearing and cultivating part of his property north of the highway he constructed a rail fence along the east side of the private road, which fence subsequently rotted away. Additionally, Braley fenced along each side of the public highway and, though the question as to whether these fences joined plaintiffs wire fence is disputed, we agree with the conclusion of the District Judge to the effect that they did at some time so join.
Plaintiff claims that the 1911 wire fence was not intended by him as a boundary and that he was cognizant of the fact that the true boundary line was some 140 feet east thereof, but this claim is overcome by the clear preponderance of the testimony to the effect that the defendant, D. M. Braley, unquestionably exercised possession of the property up to the fence, and the testimony further preponderates in support of the conclusion that plaintiff raised no question and made no protest against the acceptance of the fence as a boundary until about 1943 or 1944. We think plaintiff’s objection to the continued acceptance of the fence as a boundary was provoked by the result of a government survey which was made in 1940 in the interest of the Bodcaw Dam flood control project then proposed to be undertaken by the United States Government, which project has since been initiated and completed.
We think the record definitely supports the conclusion that the boundary between the estates of plaintiff and defendants has been established and has existed by visible marks for a period of more than thirty years prior to the institution of this suit. Under such a resolution of fact our jurisprudence is well settled to the effect that such an existing boundary will not be changed despite its failure to accord with the ideal or perfect boundary. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Latiolais v. Robert, La.App., 8 So.2d 347; Henly v. Kask, La.App., 11 So.2d 230; Broussard v. Winn, La.App., 41 So.2d 486.
For the reasons set forth the judgment appealed from is affirmed at appellant’s cost.