ELLIS, Judge.
This is an action of boundary in which the plaintiff alleged that he is the owner of two lots of ground in the Angers Addition situated in the City of Houma, being Lots Three and Four in Block 3 and that Lot 3 measured 44' on the south side of School Street by a depth between parallel lines of 132', while Lot 4 has a front measurement of 45' 2%" on the south side of School Street by a depth of 132 feet 1014". The said lots are bounded in front or north by School Street, south by the remainder of Block No. 3, east by Lot 9 belonging to the defendant which fronts upon the south side of School Street and measures 69' 4%" on this street by a depth between parallel lines of 132', “converging slightly and bounded on the south by a straight line measuring sixty-eight feet, eight and one-half inches (68' 8y2")”, which lot is in Block 3 of the “Winder Addition”.
Plaintiff alleged that the common line between his Lot 4 and defendant’s Lot 9, which would be the plaintiff’s east line and the defendant’s west line “has never been established according to law or by agreement between the owners of said property, and the exact location on the ground of said line is a matter of uncertainty and dispute between petitioner and defendants,” and that the appointment of a surveyor is necessary to establish-the line and “to have *640 same marked by proper monuments in accordance with law/
Plaintiff further alleged that he attempted to have the line established extra-judicially but his request for an amicable fixing of the line was refused by the defendant, and he therefore prayed that a surveyor be appointed and sworn to inspect the premises and authorized and directed to, make a survey of the line in question and to make and file a procés yerbal, and that said survey in due course be approved and homologated and the line so fixed be properly monumented.
The defendants admitted that the property of the plaintiff and defendants was contiguous and affirmatively set forth that the line dividing the property had been established in accordance with law and by agreement between the owners of the property, and that for a period of over fifty years by agreement between the heirs of John Winder, defendants’ ancestors in title, and Hewitt Angers, plaintiff’s ancestor in title, a fence separated the Angers property from the Winder property and that this fence was recognized by the respective owners of the property as being the boundary line, and it was therefore established by agreement of the parties as such. The defendant further alleged that the Angers and Winder property was subdivided and that the common line between them was established by the same surveyor, T. Baker Smith, Civil Engineer, along the old fence which constituted the boundary line between the two properties and “was marked by a one-inch axle placed in the ground on the north side of Verret Street and by a one-inch axle placed in the ground at Belanger Street and that the boundary line separating the property of plaintiff and your defendants is on a line running between said axles N 7°-53' 45" E.”
The lower court did not sign an order appointing a surveyor and no survey was made, but the case was tried on the issues presented and resulted in a judgment dismissing plaintiff’s demand, from which the plaintiff has appealed and an answer to the appeal was filed by the defendants asking for the affirmance of the judgment of the lower court and, in the alternative, pleas of ten, twenty and thirty years prescription be maintained and judgment affirmed.
The law with regard to this class of suit is well settled. Article 823 of the LSA-Civil Code reads as follows:
“When two estates or lands contiguous, in cities or, in the country, have never been separated, or have never had their boundaries determined, or if the bounds, which have been formerly fixed, are no longer to be seen, each of the owners of the contiguous estates has a right to compel the other to fix the limits of their' respective properties.”
Also see Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Falvy v. Sellers, 166 La. 207, 116 So. 853; New Orleans & N. E. R. v. Redmann, La.App., 28 So.2d 303; Broussard v. Winn, La.App., 41 So.2d 486.
Article 833 of the LSA-Civil Code reads as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a procés verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the procés verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
In the case of Conrad v. Roussell, La.App.1948, 37 So.2d 449, 450, the Court stated:
“The object of an action in boundary is to separate physically one estate from another and mark the limits of each by visible bounds. The limits may be fixed judicially or extra judicially, but in either case ‘it must be done by a sworn surveyor of this State, who shall be bound to make a procés verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the procés verbal with him, or mention shall be made therein of the causes which prevented them from signing.’ R.C.C. art. 833.”
*641 It is only necessary to examine the evidence in this record to determine whether the adjoining estates had ever been separated or if they had once been legally, separated whether the physical bounds, if any, were still visible. We are not concerned with any contention that the bounds have been fixed incorrectly. While the plaintiff does not admit that the line in dispute has ever been fixed judicially or extra-judicially in accordance with law, the main question presented, admitting" for the sake of argument that the Angers and Winders had maintained a common fence which they recognized as the boundary, are there any visible signs of this fence remaining on the line between plaintiff and defendants?
The evidence is clear that Angers’ and Winder’s property were contiguous throughout their depth and, therefore, the subdivisions are also contiguous. The two properties were separated by a barbed wire fence for many years which was not maintained after ' 1929 from Belanger Street to Verret Street, due to the fact that these two streets and Second Street, which is between the two, were opened to public use during that year. Miss Winder, in testifying with regard to this barbed wire fence, stated that “in the beginning there were posts but I think after the postsi fell down they may have wound it'around trees to save trouble. There was always a line of trees there.” Thus, according to her testimony, the line as established by the wire fence nailed to posts was not maintained and thereafter wire was nailed to the trees in the vicinity of the line. In 1937 the plan of the Angers Addition was made by T. Baker Smith, Civil Engineer, who testified that the fence was no longer in existence from Bell Street to Verret Street. He testified that he did not es-' tablish the boundary line between the Angers and Winder properties in accordance with LSA-C.C. art. 833, but that he accepted the line as indicated by .that part of the fence still in existence north pi Belanger Street and south of Verret Street. In other words, the surveyor established the line as shown by the old fence as far as Belanger Street and then connected this with the point. south of Verret Street where there was evidence of the old fence. He placed a one .inch iron axle on the south side of Belanger Street and a one inch, iron axle on the. north side of Verret Street. The same civil engineer used the same method to determine the line between the Angers and Winder properties when making a survey in order to establish the Winder Addition in- 1941.
No witness testified that there was any fence separating plaintiff’s property in the Angers Addition from the Winder property when the ■ plaintiff purchased this property or when the defendants purchased their lot in the Winder Addition. Of course, the surveyor-placed wooden stakes throughout the subdivision to indicate the lots but most of these stakes were not in existence at the time this suit was filed and for quite a number of years prior thereto. There are trees of various sizes presumably on or near the line in dispute.
The plaintiff has shown that the physical bounds are no ■ -longer visible. However, defendants then contend that the parties could establish a line from the iron axle on Belanger Street to the iron axle on Verret Street, a distance of some 511' 8". This would be not only impracticable and not final but almost impossible in view of the fact that this area is thickly populated and there are houses, fences and trees between the two points. Defendant contends that they could offset when they came1 to a tree and theji come back to the line. This could be done but the law contemplates in a case of this kind that it be done by a qualified surveyor where the parties cannot agree on the line which is the case at bar.
Counsel for the defendant cites Griffin v. Mahoney, La.App., 56 So.2d 208; New Orleans Industrial Canal, Land & Harbor Development Co. v. Janussa, 168 La. 819, 123 So. 585; LSA-Civil Code, Art. 853; LSA-Civil Code, Art. 3478; Morris v. Prutsman, 7 La.App. 404; Harmon v. Dufilho, 19 La.App. 222, 139 So. 530; Crow v. Braley, La.App., 47 So.2d 357; Opdenwyer v. Brown, supra.
Griffin v. Mahoney, supra, does1 squarely hold that boundary lines between adjacent *642 realty owners may be established by them and be effective without written evidence of the fact, and in a contest such agreement may be proven by parole evidence without contravention of the parole evidence rule. However, it further held that even though an unascertained or disputed boundary line could be permanently and irrevocably established by. parole agreement that it was essential to the validity and binding effect of such agreement that the line so fixed be. definite, certain and clearly marked. If we accept the old fence line between the Angers and the Winder property as having been so established, still, under the evidence in this case on the date that suit was filed it would still be necessary for this old line to be relocated and re-established by a surveyor in view of ■ the fact ■ that there were no visible bounds between the property of the plaintiff and the defendants, and there had been no such bounds from Belanger Street to Ver-ret for a period of time prior to 1937.
As to the case of New Orleans Industrial Canal, Land & Harbor Development Co. v. Janussa, supra, that is a petitory action and is inapposite to the issues here involved as neither party is contesting the plan of either subdivision.
Article 853 of the LSA — Civil Code cannot be of any comfort to the defendant as there is no question of an error on the part of the surveyor, and, further, there has been no visible evidence of the exact location of the line between the plaintiff and defendants for many years, that is, sufficient to satisfy the prescription of 10 or 20 years.
Article 3478 of the Code is not applicable, and neither is the case of Morris v. Pruts-man, supra, apposite, as the facts are entirely different from the case at bar.
The case of Harmon v. Dufilho, supra, is not controlling for the facts are different from those in the case at bar. In that case the boundary line had been established and the location thereof evidenced by a fence standing for more than 10 years and location of this fence was definitely proven. Such are not the facts in the present case, ás the location of any fence that might have previously existed has not been proven herein.
Crow v. Braley, supra, and Opdenwyer v. Brown, supra, are not in point as there is no boundary between the plaintiff and defendant which has been established by visible marks for a period of more than 30 years.
There is no question but that there is a serious dispute between plaintiff and defendant as to the exact location of the boundary line between them which had never been judicially or extra-judicially fixed, and which had no visible evidence of its exact location such as a fence or stakes even at the front and rear of the property on the common boundary line, which are shown to have been placed there by any surveyor.
Under the jurisprudence, the cost of the survey as well as this suit should be taxed against the defendants. The record reveals that the plaintiff did all in his power to 'have an amicable settlement of this dispute as evidenced by an agreement which plaintiff had drawn by his attorney for that very purpose, and it is further shown that the plaintiff was willing for the defendant to select a surveyor.
Article 663 of the LSA-Civil Code states:
“He may compel his neighbors to fix and mark the limits of their estates which are contiguous to his.
“The limits are established, and boundary stones or posts placed at their joint expense.”
However, the provisions of the above-quoted article do not apply where a party, the defendants in this case, declined to settle the boundary 'amicably with the adjacent owner and forced him to resort to litigation.
In Dufrene v. Bernstein, 1938, 190 La. 66, 181 So. 859, 862, the Court stated:
“This Court has repeatedly held that where a party, as did the 'defendant in this caSe, declined to settle the boundary amicably with the adjacent owner and forced him .to resort to litigation, the provisions of Article 663 do not *643 apply and equity requires that he should bear the burden of the costs if cast. Andrews v. Knox, 10 La.Ann. 604; Lacour v. Watson, 12 La.Ann. 214; Williams v. Close, 14 La.Ann. 737; Gaude v. Williams, 47 La.Ann. 1325, 17 So. 844; Fairbanks v. La. Central Lumber Co., La.App., 163 So. 209.”
The plaintiff is, therefore, entitled to an order from the District Court appointing a surveyor who shall he authorized' and directed to make a survey of the line separating the property of plaintiff and defendants in accordance with law.
It is therefore ordered that the judgment of the District Court be reversed and the case remanded for further proceedings in accordance with the views herein expressed and the law. It is further ordered, adjudged and decreed that the defendants pay the costs of this suit and the fee of the surveyor' when his said survey is approved and homologated and the line fixed and properly monumented, all in accordance with law.