LOTTINGER, Judge.
This is an appeal from the judgment of the Lower Court wherein the petitioner, Louis L. Edmonston, filed a boundary action against Eddie J. Badeaux and Carey *60 A. Martin, to have the boundaries separating their respective properties judicially determined. The Lower Court awarded a judgment in favor of petitioner and against defendants, and the defendants have appealed.
The record discloses that petitioner purchased a two acre tract of land from the defendants, Badeaux and Martin. Subsequently, the description of the tract of land was amended by agreement of the parties and said agreement was subsequently ratified in open court. Subsequent to petitioner’s acquisition, the defendants employed a Mr. Alex Theriot, a surveyor, to survey the remainder of the land owned by them which was contiguous to petitioner’s smaller tract. Mr. Theriot surveyed the property and a proposed road was outlined thereon. Petitioner then discovered that the proposed road encroached upon his property. He presented the problem to defendants and suggested that they reconsider the survey made by Mr. Theriot, however the defendants refused. Petitioner then employed a Mr. Toxie Craft, surveyor, to survey the property and the Craft survey differed from the Theriot survey but conformed almost identically with the subsequently ordered survey made by Mr. James R. Joffrion.
Defendants filed an injunctive suit against petitioner to have the fence removed from the road and were successful. In said injunctive suit, the Trial Court found that the boundary separating the two tracts was not at issue.
Attempts by petitioner to settle the matter either by agreement or by having a third survey made failed, after which, petitioner filed the present action to have the boundary judicially determined. The Court appointed James R. Joffrion as the Court surveyor, who returned his proces verbal of the survey and fixed the boundaries according to his computations. Following trials on the merits, the Lower Court upheld the survey of Mr. Joffrion and fixed the boundaries accordingly. The defendants have taken this appeal.
The defendants have made various objections to the proces verbal of the survey filed by the Court appointed surveyor, among which is the fact that the surveyor, although claiming in the proces verbal to having been duly sworn, does not state therein the name of the officer who administered the oath nor the date upon which the oath was taken; that the proper notices as required by law were not given to the parties whose property was to be surveyed; and that the witnesses who signed the proces verbal were not present personally during the entirety of the survey. Of course other objections were made by the defendants as to the line found by the surveyor and as set forth by the proces verbal filed herein.
Prior to the 1968 Legislature of the State of Louisiana, Article 833 of the Louisiana Civil Code provided as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.” (Italics ours.)
In Randazzo, et al, v. Lucas, et al, 92 So.2d 398, the appellate court held that the original Article 833 required that the witnesses must be present during the survey and that when the proces verbal is later prepared, if one of the witnesses who was present at the survey is prevented, possibly by death or absence or otherwise, from signing the proces verbal, then mention of that reason must be made. The Court, therefore, reversed the decision of the Lower Court and remanded for further proceedings. A subsequent appeal on the merits is reported in 106 So.2d 490.
At the 1968 Legislature, possibly because of the holding in the Randazzo case, the provisions of Article 833 of the Civil Code were amended by Section I of Act No. *61 156 so that Article 833 now provides as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a proces verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.”
Thus, the Article now provides that the survey must be made by a survey- or or a civil engineer who is duly licensed to practice his occupation in this State, and it does not require that the surveyor be sworn upon undertaking to judicially fix the boundaries separating the properties. Nor does the present law require that the witnesses be present during the entire period of the survey, the only requirement regarding witnesses being that they shall be present for the signing of the proces verbal by the surveyor and that they sign same as witnesses.
In support of their contention that proper notice was not given the parties to the survey, the defendants cite Conrad v. Roussell, La.App., 37 So.2d 449, in which the Court held that proper notice had not been given the parties by the surveyor and the Appellate Court reversed the decision of the Lower Court upholding the survey, and remanded the matter to the Lower Court for further proceeding.
In the Conrad case, however, the record discloses that the surveyor went to the designated site and actually made the survey on the day before that called for in the notice. In that case the Appellate Court held that the notice given was not sufficient because:
“Under codal article 837, the parties interested, or any of them, are given an opportunity, before the work is finished, to make opposition, in which case the surveyor must desist and refer the parties to the court to have an adjudication of their respective rights. By his completion of the work before the time designated in the notice, Eustis denied the parties their substantial right of witnessing the work as it progressed, and deprived them of their right to register objections, if they had seen fit to make any, and the notice to them was ineffectual and was equivalent to no notice at all.”
However, in the present case, registered notice by mail was given the parties prior to the beginning of the survey, and the record discloses that the surveyor did no work on the survey until he had met with the parties on the designated day. On the designated day, the surveyor informed the parties verbally that from time to time he would be appearing in the area so as to establish certain points and/or lines preliminarily to his actually fixing the boundaries between the parties. The parties were also told that a later notice would be given when he was ready to establish the line in question.
During the course of this preliminary work, which consumed several days, the surveyor testified that the trucks of his crews were parked in plain vision on a public highway within an area of a mile from the location of the boundary to be fixed.
Subsequently, on the day when the boundary line between the properties owned by the parties was to be designated by the surveyor, another registered notice was given to the parties and the proces verbal shows that they were present on the designated day. Between the dates designated in the two notices mailed by the surveyor to the parties, the surveyor and/or his *62 crews were in the area of the line to be determined on at least nine days in performing such preliminary work. Of course, other days were required in his office for making computations, drawings, etc.
We feel that ample notice was given the parties, in accordance with the provisions of Article 837, and they certainly did have sufficient opportunity to witness the work as it progressed or to register objections if they saw fit.
With regard to the merits of the case, the evidence discloses that Mr. Jof-frion made a thorough title check and full analysis of all his title sources prior to making the survey. He investigated the U. S. Government field notes and prior surveys. He surveyed the boundary at issue by establishing section corners through well recognized and jurisprudently accepted surveying methods. Mr. Alex Theriot, upon whose survey and testimony the defendants rely to contest the boundary as established by Mr. Joffrion, used one boundary call and a prior survey in establishing the Edmonston and Martin tract. Actually his survey was based upon the hearsay evidence of prior surveys in that he did not make the detailed research and preliminary work, as did Mr. Joffrion, of going back to the original government corners. It is apparent from the proces verbal and the record that the Court ordered survey was thorough and accurate and properly accepted by the Trial Court.
Defendants plead the prescription of ten and thirty year prescription, alleging that the boundary in question has been fixed by visible bounds, mainly fences. The sale of the property from defendants to petitioner was dated August 22, 1958. This sale was only a small portion carved out of a larger tract owned by defendants. The suit was filed on July 22, 1968, less than ten years from the date of the sale. Thus, within the ten and thirty year prescriptive periods, both tracts had a common owner, namely defendants, and an owner cannot prescribe against himself. Porche v. Martin, La.App., 177 So.2d 288.
The Lower Court split the cost of the Court ordered survey and assessed half thereof against the petitioner and the other half against the defendants. We are unable to understand the reasoning of the Lower Court in so doing as no written reasons for its decision were assigned. An answer to this appeal has been filed by petitioner, however, asking that this Court amend the judgment of the Trial Court to assess all Court costs, including the full cost of the Court ordered survey against defendants. It has been consistently held by the Court of this State that the costs of a Court ordered survey should be assessed against the party who has refused to amicably settle a boundary dispute. Lirette v. Duplantis, La.App., 65 So.2d 639. We see no reason for changing the prior rulings of the Court in this case.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to charge all costs of this suit, including the cost of the Court ordered survey against the defendants, and as so amended, the judgment of the Lower Court will be affirmed.
Judgment amended and affirmed.